# EXHIBIT A

**Pleadings, Answers, Executed Process, Etc.**

# EXHIBIT A-1

DC-17-46973

CAUSE NO. _____

| | | |
|---|---|---|
| **JON BATTS,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **OF CORYELL COUNTY, TEXAS** |
| | § | |
| **REMINGTON ARMS COMPANY,** | § | 52ND |
| **LLC,** | § | |
| **DEFENDANT** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE WITH DISCOVERY ATTACHED

NOW COMES Jon Batts, Plaintiff, complaining of Remington Arms Company, LLC, Defendant, and for cause of action would respectfully show the Court the following:

## DISCOVERY CONTROL PLAN AND RULE 47(C) STATEMENT

1.      Pursuant to Texas Rules of Civil Procedure Rule 190.3, Plaintiff requests that discovery be conducted in accordance with Discovery Control Plan Level 3.  Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff states that the monetary relief sought is over $1,000,000.00.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction and venue over the parties and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court and the events giving rise to this cause of action occurred within Coryell County.

## PARTIES AND SERVICE

3.      Plaintiff is an individual residing in Texas.

4.      Defendant Remington Arms Company, LLC is a foreign limited liability company doing business in Texas and may be served with citation through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**FACTS**

5. At all times mentioned in this Petition, Defendant was engaged in the business of designing, manufacturing, distributing, and selling firearms for use by members of the general public. Defendant distributes and sells its firearms throughout the United States, including the State of Texas.

6. One of the firearms manufactured, distributed, and sold by defendant is a break open, single shot rifle known as a "Handi-Rifle".

7. The design of the break open, single shot rifle utilizes a hinged breech with a barrel catch mechanism which locks the breech.  The design allows the breech to be opened by depressing a release lever on the top of the receiver.  When the barrel catch is engaged, the rifle's breech allegedly cannot open unless the release lever is depressed.

8. Plaintiff purchased a Handi-Rifle in 300 AAC Blackout caliber, serial number CBA475116, manufactured by defendant.

9. On November 18, 2015, Plaintiff took the Handi-Rifle described above to the Sportman's Range at Fort Hood, Texas in order to sight in the rifle.  Plaintiff placed a round in the chamber, closed and locked the breech, placed the hammer in the cocked position and pulled the trigger.  When the rifle discharged, the breech opened and the cartridge case was blown from the breech and struck Plaintiff in the right eye, causing plaintiff to sustain the serious injuries and damages described below.

10. Defendant, as the manufacturer, distributor, and seller of firearms, owed a duty to those who would foreseeably be injured by its firearms, including Plaintiff, to use due care in the manufacturing, distributing, and selling of its firearms, and to warn owners of its firearms, including plaintiff, of any defects in the weapons as they became known to defendant.

## FIRST CAUSE OF ACTION -- NEGLIGENCE

11. Defendant, in breach of the duties described above, negligently and carelessly:

(a) manufactured, distributed, and sold the break open, single shot rifle with a barrel catch mechanism that was subject to failure during normal use such that the breech of the weapon would open upon discharge even though the breech had been properly closed and latched;

(b) failed to warn, or adequately warn, Plaintiff that there was a serious risk that the breech could when the weapon was fired;

(c) failed to warn, or adequately warn, Plaintiff that the barrel catch of the a break open, single shot rifle was subject to failure during normal use such that the breech of the weapon would open even though the breech had been properly closed and latched;

(d) failed to manufacture the break open, single shot rifle break open, single shot rifle with a barrel latch with sufficient engagement surface or some other alternative locking mechanism that was more reliable than the barrel catch used in the weapon; and

(e) failed to otherwise exercise due care with respect to the matters alleged in this Petition.

12. As a direct and proximate result of the negligence and carelessness of Defendant as described above, the breech of the break open, single shot rifle opened unexpectedly, causing the serious eye injuries and damages to Plaintiff

## SECOND CAUSE OF ACTION -- STRICT LIABILITY

13. In the alternative and without waiving the foregoing, the break open, single shot rifle, serial number CBA475116, manufactured and introduced into the stream of commerce by Defendant and purchased by Plaintiff, contained a defect or defects that made it unreasonably dangerous when used in the manner and for the purpose for which it was intended, in that it

incorporated a barrel catch assembly that was subject to failure when used as intended such that the weapon was subject to the breech unintentionally opening when the weapon was discharged.

14. On November 18, 2015, while plaintiff was using the break open, single shot rifle in a normal and customary manner as described above, the barrel catch assembly failed, causing Plaintiff to sustain the serious injuries and damages described below.

15. At the time of the incident described in this petition, the break open, single shot rifle was in the same condition it was in when manufactured and placed into the stream of commerce by Defendant.

16. The break open, single shot Handi-Rifle involved in the above-described incident was defective and unreasonably dangerous at the time it left the possession, custody, and control of defendant due to defects in the rifle's design or manufacture; specifically, these defects involve a faulty barrel locking/latching system that allows the breech to open upon firing when the barrel release lever has not been depressed.

17.   The actual design of the firearm was defective, causing the firearm to not to function in a manner reasonably expected by an ordinary consumer of firearms.  The defective design was a producing cause of Plaintiff's injuries.

18.   As a direct result of the defect or defects in the break open, single shot rifle Manufactured and introduced into the stream of commerce by defendant, the breech of the break open, single shot rifle opened unexpectedly, causing serious injuries and damages to Plaintiff, including the loss of his right eye.

## <u>REQUEST FOR DISCLOSURE</u>

19.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a - l).

## RULE 193.7

19.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendant that Plaintiff intends to use all documents produced by Defendant in response to written discovery in any pretrial matters and during the trial of this matter, as authenticated.

## REQUEST FOR JURY TRIAL

20.     Plaintiff hereby requests a trial by jury and tenders the jury fee.

## DAMAGES

21.     The wrongful acts and omissions described above were the proximate cause of actual damages to Plaintiff.   As a direct result of the occurrence made the basis of this lawsuit, Plaintiff suffered severe bodily injuries and damages.   Plaintiff incurred reasonable and necessary medical expenses in the past and will in all likelihood incur additional medical expenses in the future.   Furthermore, Plaintiff has suffered physical pain and mental anguish, physical and mental impairment and physical disfigurement.    Plaintiff will in all likelihood continue to suffer physical pain and mental anguish, physical and mental impairment and physical disfigurement for the remainder of his natural life.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**RAD LAW FIRM, P.C.**

_____
Robert M. Meador
State Bar No. 13883020
8001 JBJ Freeway, Suite 300
Dallas, Texas 75251
Phone  (972) 661-1111
Direct fax:      (972) 354-5651
Email rmeador@radlawfirm.com
Efile  efileRM@radlawfirm.com

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A-2

# CIVIL CASE INFORMATION SHEET
## DC-17-46973

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____  COURT *(FOR CLERK USE ONLY)*: _____

STYLED: _____

*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>**Robert Meador**<br><br>Address:<br>**8001 Lyndon B. Johnson Fwy**<br>**Ste 300**<br><br>City/State/Zip:<br>**Dallas, Texas 75251**<br><br>Signature:<br>*Robert M. Meador* | Email:<br>**rmeador@radlawfirm.com**<br><br>Telephone:<br>**(972) 661-1111**<br><br>Fax:<br>**(972) 661-5651**<br><br>State Bar No:<br>**13883020** | Plaintiff(s)/Petitioner(s):<br><br><br>Defendant(s)/Respondent(s):<br><br><br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent:<br>_____<br><br>Non-Custodial Parent:<br>_____<br><br>Presumed Father:<br>_____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract: ____

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract: ____

**Injury or Damage**
- ☐Assault/Battery
- ☐Construction
- ☐Defamation

*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability: ____

- ☐Motor Vehicle Accident
- ☐Premises

*Product Liability*
- ☐Asbestos/Silica
- ☒Other Product Liability List Product: ____
  Firearm
- ☐Other Injury or Damage: ____

**Real Property**
- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property: ____

**Related to Criminal Matters**
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus— Pre-indictment
- ☐Other: ____

**Employment**
- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment: ____

**Other Civil**
- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property

- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other: ____

### Family Law

**Marriage Relationship**
- ☐Annulment
- ☐Declare Marriage Void

*Divorce*
- ☐With Children
- ☐No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Title IV-D**
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Other Family Law**
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other: ____

**Parent-Child Relationship**
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child: ____

### Tax
- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings

- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other: ____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action
- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment
- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, 000 but not more than $200,000
- ☐Over $200,000 but not more than $1,000,000 ☒ Over $1,000,000

# EXHIBIT A-3

ALLEN A. RAD, LL.M., J.D.
MAGDALENA VILLALOBOS, J.D.
BRENT S. FREEFIELD, J.D.
MICHAEL R. MITCHELL, J.D.
DARYOUSH TOOFANIAN, J.D. ~
MANUEL G. GREEN, J.D., LL.M.
ROBERT M. MEADOR, J.D.
ALFONSO J. HERRERA, J.D.
MACKENZIE B. LINYARD, J.D.
SABITA L. MAHARAJ, J.D.
GUSTAVO L. MIGNUCCI, J.D.
ALEXANDER H. ESCANDARI, J.D. *

# RAD LAW FIRM

8001 LYNDON B JOHNSON FWY, SUITE 300
DALLAS, TEXAS 75251-1321
TELEPHONE: (972) 661-1111 FACSIMILE: (972) 661-3537
E-MAIL ADDRESS: TheFirm@RadLawFirm.com

DALLAS, TEXAS OFFICE
8001 LBJ FREEWAY. SUITE 300 75251
MAIN 972.661.1111 FAX 972.661.3537

FT. WORTH, TEXAS OFFICE
2001 BEACH STREET, SUITE 225 76103
MAIN 817.543.1990 FAX 817.543.1319

AUSTIN, TEXAS OFFICE
11406 NORTH INTERSTATE HWY. 35 78753
MAIN 512.493.3500 FAX 512.493.3501

BROWNSVILLE, TEXAS OFFICE
34 SOUTH CORIA STREET 78520
MAIN 956.465.2155 FAX 956.465.2156

BEVERLY HILLS, CALIFORNIA OFFICE
8730 WILSHIRE BLVD. SUITE 500 90211
MAIN 310.651.2690 FAX 310.651.2689

~ BOARD CERTIFIED PERSONAL INJURY TRIAL LAW
* LICENSED IN CALIFORNIA

November 3, 2017

**VIA e-FILING**
Janice Gray
**CORYELL COUNTY DISTRICT CLERK**
Coryell County Courthouse
2nd Floor
P. O. Box 4
Gatesville, Texas 76528

DC-17-46973

Re:   ***Jon Batts vs. Remington Arms Company, LLC***
      In the Judicial District Court of Coryell County, Texas

Dear Ms. Gray,

Attached hereto please find Plaintiff's Original Petition and Request for Disclosures with Discovery Attached as it relates to the above-referenced cause. Please file the above and assign same a cause and court. Additionally, request is made for the issuance of the citation for Defendant as follows:

**Remington Arms Company, LLC**
**C/O CT Corporation System**
**1999 Bryan Street, Ste. 900**
**Dallas, Texas 75201**

Once ready, **we request the issued citation be sent to our office via regular us mail for service by personal process server, along with a file marked copy of the Plaintiff's Original Petition**.   Please contact our office if you should have any questions or concerns. Any fees associated with this filing have been paid accordingly.

Thank you for your attention and assistance in this regard.

Sincerely yours,
**RAD LAW FIRM**

Sybell Hernandez
Paralegal to Robert Meador
shernandez@radlawfirm.com

# EXHIBIT A-4

CITATION-GENERAL

# CITATION

**THE STATE OF TEXAS:**                                    **COUNTY OF CORYELL**

**CAUSE NO. DC-17-46973**

TO:     REMINGTON ARMS COMPANY, LLC
          CT CORPORATION SYSTEM
          1999 BRYAN STREET, STE. 900
          DALLAS, TX 75201

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the Honorable 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas, to be held at the Courthouse in said County in the City of Gatesville, Coryell County, Texas, by filing a written answer to the petition of plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number DC-17-46973 styled:

BATTS, JON
VS.
REMINGTON ARMS COMPANY, LLC

filed in said court on the 3rd day of November, 2017.

The name and address of the attorney for plaintiff, or the address of the plaintiff is:
**ROBERT MEADOR**
**8001 LYNDON B. JOHNSON FWY SUITE 300**
**DALLAS, TX 75251**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you."**

WITNESS, Janice Gray, District Clerk of the 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas.

Issued and given under my hand and seal of said Court at office, this the **3rd day of November, 2017.**

Janice Gray, District Clerk
Coryell County, Texas
P.O. Box 4 Gatesville, Texas 76528

By
ASHLEY LAMB, DEPUTY



# EXHIBIT A-5

CITATION-GENERAL

# CITATION

**THE STATE OF TEXAS:**                                    **COUNTY OF CORYELL**

### CAUSE NO. DC-17-46973

TO:        REMINGTON ARMS COMPANY, LLC
           CT CORPORATION SYSTEM
           1999 BRYAN STREET, STE. 900
           DALLAS, TX 75201

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the Honorable 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas, to be held at the Courthouse in said County in the City of Gatesville, Coryell County, Texas, by filing a written answer to the petition of plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number DC-17-46973 styled:

BATTS, JON
VS
REMINGTON ARMS COMPANY, LLC

filed in said court on the 3rd day of November, 2017.

The name and address of the attorney for plaintiff, or the address of the plaintiff is:
**ROBERT MEADOR**
**8001 LYNDON B. JOHNSON FWY SUITE 300**
**DALLAS, TX 75251**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you."**

WITNESS, Janice Gray, District Clerk of the 52ND JUDICIAL DISTRICT COURT of Coryell County, Texas.

Issued and given under my hand and seal of said Court at office, this the **3rd day of November, 2017.**

                                        Janice M. Gray
                                        Janice Gray, District Clerk
                                        Coryell County, Texas
                                        P.O. Box 4 Gatesville, Texas 76528

                                        By  A. Lamb
                                        ASHLEY LAMB, DEPUTY



RETURN OF SERVICE

Cause Number: <u>DC-17-46973</u>
BATTS, JON
VS.
REMINGTON ARMS COMPANY, LLC

52ND JUDICIAL DISTRICT COURT
CORYELL COUNTY, TEXAS

Executed when copy is delivered:
This true copy of the original citation was delivered to defendant _Remington Arms Company_, on the _15_ day of
_Nov_, 20_17_.

NAME AND ADDRESS FOR SERVICE:
REMINGTON ARMS COMPANY, LLC
CT CORPORATION SYSTEM 1999 BRYAN STREET, STE. 900
DALLAS, TX 75201

_Joey Bragan_, Officer
_____, County, Texas
By: _____ Deputy

OFFICER'S RETURN

Came to hand on the _15_ day of _Nov_, 20_17_, at _145_, o'clock _P_.m., and executed in
_Dallas_ County, Texas by delivering to each of the within named defendants, in person, a true copy of this
Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL
PETITION AND REQUEST FOR DISCLOSURE WITH DISCOVERY ATTACHED, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _Remington Arms Co_ | _11/15/17 209p_ | _1999 Bryan St STE 900 Dallas 75201_ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy $_____
Total             $_____

_Joey Bragan_, Officer
_____, County, Texas
By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury
must contain the statement below in substantially the following form:

"My name is _Joy Bragas_, my date of birth is _5/12/1972_, and my address is
(First, Middle, Last)
_5930 LBJ FWY STE 301 Dallas_
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _Dallas_ County, State of _TX_, on the _15_ day of _November 2017_.

_____
Declarant/Authorized Process Server
_V12145   7/31/19_
(Id # & expiration of certification)

# EXHIBIT A-6

CAUSE NO. DC-17-46973

| | | |
|---|---|---|
| **JON BATTS,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CORYELL COUNTY, TEXAS** |
| | § | |
| **REMINGTON ARMS COMPANY, LLC,** | § | |
| **Defendant.** | § | **52ND JUDICIAL DISTRICT** |

**DEFENDANT REMINGTON ARMS COMPANY, LLC'S ORIGINAL ANSWER AND
JURY DEMAND IN RESPONSE TO PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE WITH DISCOVERY ATTACHED**

TO THE HONORABLE JUDGE:

COMES NOW REMINGTON ARMS COMPANY, LLC, Defendant in the above entitled and numbered cause, and files this Original Answer and Jury Demand in response to Plaintiff's Original Petition and Request for Disclosure with Discovery Attached, and in support thereof, would show the Court as follows:

**I.
GENERAL DENIAL**

1.      Defendant herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's currently pending Petition, and state that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

**II.
AFFIRMATIVE DEFENSES**

2.      For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred or limited to the extent the jury may find that the alleged injuries and damages were proximately caused by the negligence of Plaintiff, to the extent

it may find he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue and finds that Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

3.      For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that in accordance with TEX. CIV. PRAC. & REM. CODE §33.013, a defendant may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of that defendant's responsibility, when compared with that of each responsible party, settling party and each responsible third party is greater than fifty percent (50%). Accordingly, Defendant specifically denies any claims for the imposition of joint and several liability against it.

4.      For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that this case is governed by the 1995 Tort Reform Amendments and 2003's HB4. As a consequence, a plaintiff may not recover any amount of damages if his percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE §33.001.

5.      For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE §82.005. Plaintiff must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. Defendant requests that the jury be instructed on all statutorily required elements of a "design defect case."

6.      For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively pleads the defenses provided in TEX. CIV. PRAC. & REM. CODE §82.006. Plaintiff must

prove by a preponderance of the evidence (1) the actual design of the firearm or ammunition was defective, causing the firearm or ammunition not to function in a manner reasonably expected by an ordinary consumer of firearms or ammunition, and (2) the defective design was a producing cause of the personal injury, property damage, or death. Defendant requests that the jury be instructed on all statutorily required elements of a "firearms and ammunition defect case."

7.       For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of a party for whom Defendant was not responsible, which may include Plaintiff or other third parties, were the sole proximate cause, a new and independent cause, and/or a contributing or proximate cause of the accident and injuries complained of in this lawsuit.

8.       For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the warranties and exclusions of warranties offered when the firearm in question was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs allegations of damages exceed the scope of those warranties and exclusions.

9.       For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that Plaintiff's recovery, if any, of past medical expenses shall be reduced to the amount paid or incurred by Plaintiff or on behalf of Plaintiff pursuant to Section 41.0105 of the Texas Civil Practices & Remedies Code.

10.      For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the jury finds that Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

11.      For further answer if such be necessary, and pleading in the alternative, Defendant further relies upon its rights in the event the evidence shows any spoliation of evidence by any party.

12.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

13.     For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiff in this cause.

14.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that, pursuant to TEX. CIV. PRAC. & REM. CODE §18.091, if Plaintiff seeks to recover for loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, or loss of inheritance, Plaintiff must prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal income tax law. Defendant further requests the Court, pursuant to TEX. CIV. PRAC. & REM. CODE §18.091 to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

15.     For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiff, in a good faith argument for the modification or reversal of existing law.

16.     For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically pleads the limitation of recovery of exemplary damages as set forth in Section 41.008, *et seq.* of the Texas Civil Practice & Remedies Code.

17.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of

Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

18.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

19.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

a.      Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

b.      Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

c.      Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

d.      Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article Section 10; Texas Constitution Article I, Section 16.

e.      Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

20.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589,

134 L.Ed.2d 809 (1996), and *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), the due process and excessive fines clauses of the United States and Texas Constitutions.

21.      For further answer, if such be necessary, and pleading in the alternative, Defendant requests that Plaintiff be required to prove the allegations of gross negligence against Defendant by clear and convincing evidence as required by TEX. CIV. PRAC. & REM. CODE §41.003 and further that Plaintiff be required to obtain a unanimous jury verdict on any gross negligence issue submitted against Defendant to the jury.

22.      For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively pleads the provisions of TEX. CIV. PRAC. & REM. CODE §41.004 precluding an award of exemplary damages to a plaintiff who elects to have his recovery multiplied under another statute.

23.      For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that no act, omission, conduct or ratification of any vice-principal rose to the level of gross negligence, actual conscious indifference, or malice, which would give rise to the imposition of punitive or exemplary damages.

## III.
## JURY DEMAND

24.      Defendant requests a trial by jury and tender the jury fee herewith.

WHEREFORE, Defendant Remington Arms Company, LLC prays that upon final trial and hearing hereof, it has judgment in accordance with the law and facts in accordance with same as found by this Honorable Court and/or Jury, and for such other and further relief, legal or equitable, general or special, to which they may show themselves justly entitled to receive.

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Mitchell C. Chaney
State Bar No. 4107500
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 Fax
mchaney@mcginnislaw.com

By: _____
      Mitchell C. Chaney

*ATTORNEYS FOR DEFENDANT*
*REMINGTON ARMS COMPANY, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing document has been sent by email on this the 7th day of December, 2017, to the following:

Robert M. Meador
8001 LBJ Freeway, Suite 300
Dallas, Texas  75251
972-661-1111
972-354-5651 FAX
rmeador@radlawfirm.com
efileRM@radlawfirm.com

*ATTORNEYS FOR PLAINTIFF JON BATTS*

_____
Mitchell C. Chaney

- 7 -

# EXHIBIT A-7

# McGINNIS LOCHRIDGE

Mitchell C. Chaney
mcchaney@mcginnislaw.com
(512) 495-6198  o
(512) 499-7998  f

December 7, 2017

**VIA EFILING**

Janice Gray
52nd Judicial District Clerk
Coryell County Courthouse
2nd Floor
P.O. Box 4
Gatesville, Texas 76528

Re:     *Jon Batts v. Remington Arms Company, LLC.*; Cause No. DC-17-46973; In the 52nd
District Court of Coryell County, Texas

Dear Ms. Gray:

The purpose of this letter is to request regular copies of the following documents in the above-referenced matter:

1. Civil Case Information Sheet (1 page);
2. Cover letter requesting citation (1 page);
3. Citation (1 page); and
4. Officer's Return (2 pages).

Please send the regular copies to my email address:  mchaney@mcginnislaw.com.

In addition, I would like to request a certified copy of this matter's Civil Docket Sheet (not the "Judge's" Docket Sheet).  It is estimated that this will be one page.  Please fax the certified copy to me at 512-499-7998 or 512-495-6093.  I understand it is best to send via fax as it will show the certified stamp.

Should you have any questions, please contact my secretary, Annette Bittick, at 512-495-6115.  Thank you for your assistance with these requests.

Best wishes,

Mitchell C. Chaney
Attorney for Defendant
Remington Arms Company LLC

MCC/amb

Electronically Filed
12/7/2017 11:53 AM
Janice M. Gray, District Clerk
Coryell County, Texas